Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 50167 | **DATE** | 6/18/2002 |
| **CASE TITLE** | Staebell vs. L'amour Hosiery, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] At the request of counsel for the parties, the court enters the reverse Memorandum Opinion and Order, which sets out the legal framework to be used by the court at trial regarding the issues of (1) exemplary damages and (2) attorney's fees and court costs under the Illinois Sales Representative Act. Counsel are to confer with their respective clients and each other regarding settlement and to arrange a telephonic conference between counsel and the court prior to July 4, 2002.

(11) ■ [For further detail see order on the reverse side of the original minute order.] /s/ Philip G. Reinhard

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| X | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | JUN 20 2002 date docketed | 103 |
| | Docketing to mail notices. | U.S. DISTRICT COURT CLERK | docketing deputy initials |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | 02 JUN 19 PM 3:59 | 6-19-02 date mailed notice |
| /LC | courtroom deputy's initials | FILED-WD Date/time received in central Clerk's Office | mailing deputy initials |

# MEMORANDUM OPINION AND ORDER

In their telephonic conferences with the court, counsel for the parties in this case have indicated a major sticking point in settlement discussions has been the issue of exemplary damages and attorney's fees under the Illinois Sales Representative Act, 820 ILL. COMP. STAT. 120/0.01 et seq. ("ISRA"). At the court's request, both sides have submitted letter briefs summarizing their respective positions on this issue. With the hope of not only spurring further settlement talks but also providing some guidance to the parties on certain questions of law surrounding this issue that the court would have to confront before too long in any event – because the case is set for trial in just over one month – the court agreed to give its opinion on these matters in a more formal manner. This is that opinion.

Under the ISRA, a principal who fails to make timely payment (as that phrase is used in the statute) of a sales representative's commissions "shall be liable in a civil action for exemplary damages in an amount which does not exceed 3 times the amount of the commissions owed . . . . Additionally, such principal shall pay the sales representative's reasonable attorney's fees and court costs." Id. § 120/3. Despite the seemingly mandatory nature of the word "shall," Illinois courts have equated the provision of exemplary damages under the ISRA with punitive damages and accordingly have subjected an award of exemplary damages under the statute to the traditional standard necessary for an award of punitive damages. See Maher & Assocs., Inc. v. Quality Cabinets, 640 N.E.2d 1000, 1008-09 (Ill. App. Ct. 1994); Zavell & Assocs., Inc. v. CCA Indust., Inc., 628 N.E.2d 1050, 1052 (Ill. App. Ct. 1993). In contrast, "no showing of culpability is necessary for the imposition of reasonable attorney['s] fees and court costs under the [ISRA] because these damages are compensatory and not punitive . . . ." Maher, 640 N.E.2d at 1009. With this background, the court outlines what it believes is the proper framework under existing law for seeking an award of (1) exemplary damages and (2) attorney's fees and court costs under the ISRA.

**Exemplary Damages.** First, before being entitled to either exemplary damages or attorney's fees, Staebell naturally must carry his burden of proving he is entitled to the underlying commissions by showing, *inter alia*, that he substantially performed under the contract. Second, if Staebell sustains this burden, he must prove L'amour has not timely paid those commissions when they became due in accordance with either the contract or the parties' past practice. See 820 ILL. COMP. STAT. 120/1(2)(A), (B). Third, an award of exemplary damages requires Staebell to prove L'amour's failure to timely pay his commissions was "wilful and wanton" or the result of a "vexatious refusal to pay." Zavell, 628 N.E.2d at 1052. A few comments are in order on this third point. Because Illinois courts take a "rather dim view of punitive damages," Medcom Holding Co. v. Baxter Travenol Labs., Inc., 106 F.3d 1388, 1402 (7th Cir. 1997) (internal quotations and citations omitted), an award of punitive damages must be supported by a finding of culpability exceeding bad faith, such as evidence that L'amour's conduct was intentional, outrageous, or done with "evil motive" or "reckless indifference" to Staebell's rights. See Jannotta v. Subway Sandwich Shops, Inc., 125 F.3d 503, 511 (7th Cir. 1997); Maher, 640 N.E.2d at 1008. As with any other case involving a request for punitive damages, the "initial decision whether punitive damages may be imposed in a particular case in [Illinois] is a matter normally reserved to the trial judge." Loitz v. Remington Arms Co., 563 N.E.2d 397, 401 (Ill. 1990); see also Brandon v. Anesthesia & Pain Mgmt. Assocs., Ltd., 277 F.3d 936, 946 (7th Cir. 2002) (applying Illinois law). If the trial judge determines that the evidence, taken in the light most favorable to the plaintiff, is sufficient to satisfy the standard for punitive damages, then the judge submits the issue to the jury, which determines the amount or measurement of those damages. See Medcom, 106 F.3d at 1402; see also Brandon, 277 F.3d at 946. The plain language of the ISRA, however, places a cap on how much a jury can award in the form of exemplary damages in an action brought under the statute: the total may "not exceed 3 times the amount of the commissions owed to the sales representative." 820 ILL. COMP. STAT. 120/3. In other words, assuming the evidence supports a finding of punitive damages, a jury may award anywhere from zero to treble damages as exemplary damages. Finally, any jury award of punitive damages under the ISRA would be subject to the court's review for excessiveness.

**Attorney's fees and court costs.** As noted above, an award of attorney's fees and courts costs under the ISRA does not require an additional showing that the principal's refusal to pay was "wilful and wanton." See Maher, 640 N.E.2d at 1009. Instead, Staebell need only show (1) he was entitled to the underlying commissions and (2) L'amour violated § 2 of the ISRA (820 ILL. COMP. STAT. 120/2) by not making timely payment of those commissions. See Maher, 640 N.E.2d at 1009.

Apart from these issues, L'amour's counsel also raised in its letter brief the separate argument that there is no right to a jury trial under the ISRA in the first place. Besides the informal and belated manner of bringing up such an issue, as opposed to filing a timely motion to strike the jury demand, the court finds L'amour's position substantively unpersuasive. Recognizing that no cases have decided one way or the other whether there is a right to a jury trial under the ISRA, L'amour instead cites to Martin v. Heinhold Commodities, Inc., 643 N.E.2d 734 (Ill. 1994), where the Illinois Supreme Court held there is no right to a jury trial under the Illinois Consumer Fraud Act ("CFA"). In the court's opinion, Martin is of limited precedential value in this case: not only does it deal with a separate statutory scheme, but some U.S. district courts in Illinois have held Martin does not affect a plaintiff's right to a jury trial for a CFA claim brought in *federal* court. See, e.g., Cellular Dynamics, Inc. v. MCI Telecomms. Corp., No. 1997 WL 285830, at *6-9 (N.D. Ill. May 23, 1997) (collecting cases).